**Appeal of J. W. HARSE, Executor of          Docket No. 1742.
the Estate of JOHN HARSE.**

Submitted March 30, 1925; decided April 27, 1925.

*Otto A. Schlobohm, Esq.,* and *Alfred L. Geiger, Esq.,* for the taxpayer.

*R. E. Copes, Esq.,* for the Commissioner.

Before GRAUPNER, LANSDON, and GREEN.

FINDINGS OF FACT.

1. The taxpayer is the estate of John Harse, a citizen of the United States, who died in England on the 4th day of October, 1923, leaving a total estate of $77,137.74. The value of the estate located within the United States was $73,764.24.

2. Letters testamentary were granted to the American executors by the County Court at Kearney, State of Nebraska, on the 12th day of November, 1923. On or about the 7th day of May, 1924, the said executors filed the return of the estate for Federal estate taxes, in which the following deductions were claimed:

Schedule H:
| | |
|---|---|
| Executors Commissions and Attorneys Fees | $3, 000. 00 |
| Miscellaneous 1923 real estate tax | 946. 58 |

Schedule J:
| | |
|---|---|
| Unpaid mortgages on real property within the United States | 4, 662. 75 |
| **Total** | 8, 609. 33 |

3. The Commissioner disallowed all of the deductions above set forth on the ground that the estate had failed to comply with the provisions of section 403(b)(3) of the Revenue Act of 1921, and had failed to file a certified copy of the inventory filed with the court of probate jurisdiction in England. After the filing of the deficiency letter, the taxpayer filed with the Commissioner a certified copy of the inventory filed with the court of probate in England.

4. In its petition on appeal the taxpayer asserts error on the part of the Commissioner in refusing to allow deduction of $7,376.42 of the $8,609.33 scheduled in paragraph two of the findings. In his answer the Commissioner admits that the taxpayer has "satisfactorily met the requirements of section 403(b)(3) of the Revenue Act of 1921, and that as a result of all the evidence and facts found in the case, the aggregate amount of $5,248.10 became allowable as a deduction, from the decedent's gross estate situated within the United States."

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final decision of the Board will be settled on consent or on ten days' notice.

### OPINION.

GRAUPNER: Immediately following the presentation of the stipulation, counsel for the taxpayer moved to allow the deduction of the sum of $5,248.10, admitted by the Commissioner in his answer. This motion was granted. Counsel for the taxpayer then made a motion that it be allowed the remainder of $2,128.32, being the difference between the $5,248.10 allowed and the $7,376.42 claimed, on the ground of the admission contained in the answer that the taxpayer had satisfactorily met the requirements of section 403(b)(3) of the Revenue Act of 1921. The second motion was taken under advisement. After the submission of the motion, argument was made by counsel. The facts submitted for the consideration of the Board do not permit a segregation of the items of account or an understanding of the allocation by the Commissioner of the amount conceded or of the amount contained in the taxpayer's motion which we are here considering. Because the facts before the Board are insufficient to permit an adequate comprehension of the contentions of the taxpayer, the motion is hereby denied. The tax will be recomputed upon the allowance to the taxpayer of the deduction of $5,248.10.